# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Corey Alexander Patterson,<br>    Plaintiff,<br><br>v.<br><br>United States of America,<br>    Defendant. | 1:18cv1233 (AJT/MSN) |

## MEMORANDUM OPINION & ORDER

Corey Alexander Patterson ("plaintiff" or "Patterson"), a federal inmate proceeding pro se, initiated this civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. Defendant United States of America ("defendant" or "United States" or "the government") filed a Motion for Summary Judgment on the Pleadings [Dkt. No. 18], a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 [Dkt. No. 19], and a memorandum in support of its motions [Dkt. No. 20]. Plaintiff received the notice required by Local Rule 7(K) and time to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. Nos. 18-19]. He submitted a memorandum in opposition to defendant's Motions for Summary Judgment [Dkt. No. 24], defendant filed a reply [Dkt. No. 29], and, finally, plaintiff filed a surreply [Dkt. No. 30]. This matter is therefore ripe for adjudication. For the reasons stated below, defendant's Motion for Summary Judgment on the Pleadings will be denied, its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 will be granted, and judgment will enter in favor of defendant.

# I. Background

The undisputed facts are as follows.[1] On July 5, 2017, plaintiff entered a Taco Bell restaurant in Dumfries, Virginia, intending to sell 56 grams of heroin to an individual who, unbeknownst to plaintiff, was an undercover officer of the Prince William County Police Department. Smith Aff. ¶ 3. Before this date, on more than one occasion, plaintiff had sold this undercover officer heroin and firearms. Id.

In possession of a federal arrest warrant for plaintiff, members of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") followed plaintiff into the vestibule of the Taco Bell restaurant and announced that he was under arrest. Id. at ¶ 4. Special Agent Smith instructed plaintiff to face the wall of the vestibule, and, as plaintiff complied, another Special Agent removed plaintiff's cell phone from his hand. Id. at ¶¶ 4-5. Special Agent Smith then placed plaintiff in handcuffs. Id. at ¶ 5. Though plaintiff leaned against the wall during the arrest, Orta Aff. ¶ 5, his face was turned to the side, he did not resist[2], and no agent forced his face into the wall. Id. at ¶ 5; Smith Aff. ¶ 6. Once plaintiff was in custody, Special Agent Smith asked

---

[1] The facts set out in this section derive from defendant's memorandum in support of its Motion for Summary Judgment ("Def's MSJ") [Dkt. No. 20], the affidavits of Special Agent Eric Orta [Dkt. No. 20-1] ("Orta Aff."), Special Agent Stephen Smith [Dkt. No. 20-2] ("Smith Aff."), Special Agent Christian Bockman [Dkt. No. 20-3] ("Bockman Aff."), Special Agent Michael Fernand [Dkt. No. 20-4] ("Fernand Aff."), and defendant's documentary exhibits ("DEX") 5-13.

Plaintiff's complaint [Dkt. No. 1] and two responsive filings [Dkt. Nos. 24, 30] are unsworn and unauthenticated and therefore cannot contribute to the factual record under consideration at this juncture. See Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) (explaining that "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment").

[2] In an unsworn opposition filing, plaintiff disagrees with the government and states that he *did* resist arrest before ATF agents allegedly pushed his face into a wall. See Dkt. No. 24. As defendant states, even if the Court were able to accept this claim into the factual record, it would not engender a favorable outcome for plaintiff. Plaintiff's hypothetical decision to resist arrest would have served as justification for the use of some degree of force by ATF agents.

plaintiff if he needed medical attention, and plaintiff indicated that he did not. Smith Aff. ¶ 7; Fernald Aff. ¶ 4.[3]

Plaintiff was transported to the Alexandria Adult Detention Center where a nurse conducted a medical screening of plaintiff and did not note any injuries or medical problems related to plaintiff's head. DEX 7. Plaintiff's booking photo, however, showed a lump in the middle of plaintiff's forehead. DEX 5. And, during a proffer session on September 14, 2017, Special Agent Fernald noticed that lump. Id. at ¶¶ 4-6. Plaintiff claimed that it resulted from his July 5, 2017, arrest. Id. Defendants have introduced a booking photograph of plaintiff predating this incident, a photo from 2014, that shows a lump in the same location on plaintiff's head. DEX 6.

## II. Standard of Review

### 1. Judgment on the Pleadings

While the defense of "lack of subject-matter jurisdiction" generally "must be made before pleading," Fed. R. Civ. P. 12(b), the court "must dismiss" a claim if it "determines *at any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3) (emphasis supplied). Accordingly, "questions of subject matter jurisdiction may be raised at any point during the proceedings." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). Indeed, even "[a]fter the pleadings are closed," a party may assert such a jurisdictional challenge by moving for "judgment on the pleadings." Fed. R. Civ. P. 12(c). "[I]f a party raises an issue of subject matter jurisdiction on his motion for judgment on the pleadings, the court will

---

[3] In support of its position, the government has also submitted a video of plaintiff in an interrogation room after his arrest. See DEX 14. Because the filings in this case do not make clear that plaintiff has had an opportunity to view this video, it shall not be considered as part of the factual record.

treat the motion as if it had been brought under Rule 12(b)(1)." 5A Wright & Miller, Federal Practice and Procedure § 1367 (1990).

2. **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." Variety Stores v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018). Once the moving party has met its burden to show that it is entitled to judgment as a matter of law, the nonmoving party "must show that there is a genuine dispute of material fact for trial ... by offering sufficient proof in the form of admissible evidence." Id. (quoting Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016)). With that said, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### III. Analysis

1. **Judgment on the Pleadings**

Defendant argues that it is entitled to judgment on the pleadings because "Plaintiff's complaint expressly pleads a lack of jurisdiction." Def's MSJ, p. 8. Defendant explains that, "[u]nder Virginia law, an employer is responsible ... when an employee ... [injures] another ... while acting within the scope of [his or her] duty," Def's MSJ, pp.7-8, and that plaintiff pleaded

4

that "the agents acted *outside* of their professional duties of employment" in allegedly battering plaintiff. Id. (emphasis supplied). In deference to his pro se status, however, the Court will assume that plaintiff sought only to characterize ATF agents' behavior as inappropriate and did not intend for this characterization to carry legal weight. And, as defendant correctly notes, the record makes quite clear that the ATF agents involved in this situation acted within the scope of their employment and that judgment on the pleadings would be inappropriate as a result. Def's MSJ, pp. 8-9. Accordingly, defendant's Motion for Judgment on the Pleadings will be denied.

2. **Summary Judgment**

The FTCA provides a limited waiver of the United States's sovereign immunity to allow actions seeking monetary relief for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to this statutory scheme, the government is only "liable in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and the extent of its liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, where plaintiff's allegations surround events taking place in Virginia, Virginia law governs the manner and extent to which the United States may be liable as a defendant.

Plaintiff alleges that ATF agents committed assault and battery while arresting him by pushing his face into a wall, leading to the formation of a lump on plaintiff's forehead.[4] In Virginia, assault is defined as "an act intended to cause either harmful or offensive contact with

---

[4] While the FTCA does not generally allow suit based on the commission of intentional torts such as assault and battery, this limitation does not apply when an assault and battery is alleged to have been committed by a law enforcement officer. 28 U.S.C. § 2860(h). Defendant does not dispute that the ATF agents involved in the scenario underlying this case are "law enforcement officers" for the purposes of the statute. Def's MSJ, p. 9.

5

another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of a battery." Koffman v. Garnett, 265 Va. 12, 16 (2003). Battery is defined as "an unwanted touching which is neither consented to, excused, nor justified." Id. A plaintiff's assault and battery claim can be defeated by a legal justification for the act, see Koffman v. Garrett, 265 Va. 12, 16 (2003), and Virginia law states that law enforcement officers are justified in using reasonable force to execute their lawful duties. See Pike v. Eubank, 197 Va. 692 (1956). Where law enforcement officers use reasonable force in the execution of their duties, then, a plaintiff cannot succeed on a state law claim of assault and battery against them. Ware v. James City County, Va., 652 F. Supp. 2d 693, 712 (E.D. Va. 2009).

Here, the undisputed factual record makes clear that the ATF agents involved in plaintiff's arrest acted reasonably and used a reasonable degree of force. First, the ATF agents possessed a federal warrant for plaintiff's arrest based on plaintiff's previous transfers of narcotics and firearms to an undercover police officer. On this information, the officers would have understood the potential that plaintiff could have been armed on the day of his arrest. The ATF agents followed plaintiff into a Taco Bell restaurant where one agent announced that plaintiff was under arrest and handcuffed him after another agent took plaintiff's cellphone and held plaintiff's arms still. Though plaintiff faced and leaned against a wall during the arrest, there is no evidence to support plaintiff's claims that the agents "ran [plaintiff's] forehead into the ... wall," Dkt. No. 1, or that there was any contact whatsoever between plaintiff's head and the wall. Instead, the agents present at the scene agreed that significant force was not necessary to effectuate the arrest. See DEX 1 ¶ 5; DEX 2 ¶ 6; DEX 3 ¶ 7. Indeed, it is hard to imagine a less severe use of force than the one described by the factual record; here, the ATF agents

necessarily came into contact with plaintiff as they arrested him, but there is no evidence that they used any more force than was necessary to do so.

And yet, there is evidence of the presence of a lump on plaintiff's forehead in the aftermath of plaintiff's arrest. See DEX 5. Defendant, however, has introduced evidence that thoroughly discredits the notion that the ATF agents were responsible for causing this condition. Indeed, based on a booking photo of plaintiff from 2014, it appears that plaintiff has had a lump on his forehead for some years preceding the incident under review. Moreover, medical records compiled soon after plaintiff's arrest indicate that plaintiff did not immediately claim—and a nurse did not discover—the existence of a recent head injury. See Def's MSJ, DEX 1-13.

What's more, the existence of some injury would represent only circumstantial evidence that ATF agents committed assault and battery on plaintiff. Where the record conclusively demonstrates that, as a matter of law, the arresting ATF agents did not do so, some evidence of a minor and almost certainly unrelated injury will not suffice to prevent summary judgment issuing in favor of the government. Accordingly, defendant's Motion for Summary Judgment will be granted.

### IV. Conclusion

For the reasons stated above, defendant United States of America's Motion for Summary Judgment [Dkt. No. 19] is GRANTED, and it is hereby

ORDERED that judgment be and is entered in favor of defendant United States of America; and it is further

ORDERED that defendant's Motion for Judgment on the Pleadings [Dkt. No. 18] be and is DENIED; and it is further

ORDERED that plaintiff's Motion to Proceed in forma pauperis [Dkt. No. 7] be and is DENIED as moot.

This is a final Order for the purposes of appeal. To appeal this decision, either party must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the party wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of defendant United States of America; to send a copy of this Memorandum Opinion & Order to plaintiff pro se and to counsel of record for defendant; and to close this civil action.

Entered this 4th day of Oct. 2019.
Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge